UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

ALFREDO MARRERO; DAVON WILLIAMS; S.V., an infant by her m/n/g VIRGINIA VELASQUEZ; and VIRGINIA VELASQUEZ, Individually,

                                      Plaintiffs,

        -against-

CITY OF NEW YORK, POLICE OFFICER BRIAN GUNN, POLICE OFFICER JAMES MURPHY, SERGEANT KEITH GALLAGHER, POLICE OFFICER MATTHEW CARSON, and JOHN/JANE DOE # 1 - 15,

                                      Defendants.
-----------------------------------------------------------------------x

SECOND AMENDED COMPLAINT

15 CV 306 (RRM) (SMG)

JURY TRIAL DEMANDED

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Plaintiffs' rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This action falls within one or more of the exemptions set forth in N.Y. Civ. Proc. L. & R. § 1602.

## JURY DEMAND

6. Plaintiffs demand a trial by jury in this action.

## NOTICE OF CLAIM

7. On or about December 29, 2014, and prior to the end of the 90-day period for filing a notice of claim, Plaintiffs Alfredo Marrero and Virginia Velasquez filed a Notice of Claim with Defendant City of New York.

8. Although Plaintiffs Alfredo Marrero and Virginia Velasquez have demanded adjustment of the claims, Defendant City of New York has refused to adjust them.

## PARTIES

9. Plaintiff Alfredo Marrero ("Mr. Marrero") is a resident of the County of Queesn, State of New York.

10. Plaintiff Virginia Velasquez ("Mrs. Velasquez") is a resident of the County of Queens, State of New York.

11. Mrs Velasquez is the mother and natural guardian of infant Plaintiff S.V.

12. Infant Plaintiff S.V. is a minor under the age of eighteen.

13. Plaintiff S.V. ("Ms. Velasquez") is a resident of the County of Queens, State of New York.

14. Plaintiff Davon Williams ("Mr. Williams") is a resident of the County of Queens, State of New York.

15. Defendant City of New York is a municipal organization organized under the laws of the State of New York.

16. Defendant City of New York operates the New York City Police Department ("NYPD"), a department or agency of Defendant City of New York.

17. The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individually named defendants herein.

18. At all times relevant herein, Defendant Police Officer James Murphy ("Murphy") was an officer, employee, and agent of Defendant City of New York.

19. At all times relevant herein, Defendant Murphy was acting within the scope of his employment with Defendant City of New York.

20. At all times relevant herein, Defendant Murphy was acting under color of state law.

21. Defendant Murphy is sued in his individual and official capacities.

22. At all times relevant herein, Defendant Sergeant Keith Gallagher ("Gallagher") was an officer, employee, and agent of Defendant City of New York.

23. At all times relevant herein, Defendant Gallagher was acting within the scope of his employment with Defendant City of New York.

24. At all times relevant herein, Defendant Gallagher was acting under color of state law.

25. Defendant Gallagher is sued in his individual and official capacities.

26. At all times relevant herein, Defendant Police Officer Matthew Carson ("Carson") was an officer, employee, and agent of Defendant City of New York.

27. At all times relevant herein, Defendant Carson was acting within the scope of his employment with Defendant City of New York.

28. At all times relevant herein, Defendant Carson was acting under color of state law.

29. Defendant Carson is sued in his individual and official capacities.

30. At all times relevant herein, Defendant Police Officer Brian Gunn ("Gunn") was an officer, employee, and agent of Defendant City of New York.

31. At all times relevant herein, Defendant Gunn was acting within the scope of his employment with Defendant City of New York.

32. At all times relevant herein, Defendant Gunn was acting under color of state law.

33. Defendant Gunn is sued in his individual and official capacities.

34. At all times relevant herein, Defendants John/Jane Doe # 1 - 15 were supervisors, officers, employees, and/or agents of Defendant City of New York.

35. At all times relevant herein, Defendants John/Jane Doe # 1 - 15 were acting within the scope of their employment with Defendant City of New York.

36. At all times relevant herein, Defendants John/Jane Doe # 1 - 15 were acting under color of state law.

37. Defendants John/Jane Doe # 1 - 15 are sued in their individual and official capacities.

38. The names John/Jane Doe # 1 - 15 are fictitious, their true names being unknown to Plaintiffs at this time.

FIRST CAUSE OF ACTION
*Illegal Entry*

39. On October 31, 2014, Plaintiffs were lawfully present in apartment number 904 of 141 Beach 56th Place, Queens, NY  11692 ("Subject Location").

40. On October 31, 2014, Plaintiffs Alfredo Marrero, Virginia Velasquez, and S.V. were the legal occupants of the Subject Location.

41. Plaintiff Davon Williams was inside the apartment with the permission and consent of Plaintiffs Alfredo Marrero, Virginia Velasquez, and S.V.

42. On October 31, 2014, the individual defendants opened the unlocked front door of the Subject Location.

43. The individual defendants crossed the threshold of the Subject Location, keeping the door open with their hands and feet.

44. This was done without the permission of any of the legal occupants of the Subject Location, or without a warrant to enter into the Subject Location.

45. The individual defendants said that they knew that Mr. Marrero was inside the apartment.

46. The individual defendants demanded that Mr. Marrero exit the apartment, or they would come into the apartment to arrest him.

47. Further, the individual defendants lied, saying that Mr. Marrero was running in and out of the apartment.

48. This was a lie, as Mr. Marrero had not left out of the Subject Location all day.

49. Mr. Marrero recognized the individual defendants because they and other officers had stopped and harassed him numerous times both on and off the Arverne View's (also known as Ocean Village) premises, and had even been visited by the individual defendants and other officers at the apartment at Arverne View where he was a tenant.

50. Prior to October 31, 2014, the individual defendants, other members of the NYPD, and members of management of Arverne View had engaged in a pattern of conduct wherein they harassed, stopped, and searched Mr. Marrero on and off of Arverne View's property, and visited Mr. Marrero at his apartment at Arverne View in an attempt to force Mr. Marrero to move from his apartment at Arverne View.

51. The individual defendants, other officers with the NYPD, and members of Arverne View engaged in this pattern of conduct because of personal animus they held against Mr. Marrero, and because they had no basis on which to remove Mr. Marrero from his apartment because he occupied what they knew to be a rent controlled apartment, and which they knew Arverne View accepted rental assistance for Mr. Marrero and his family from Section 8 and the New York City Department of Housing Preservation & Development.

52. Mr. Marrero refused to come out of his apartment.

53. The individual defendants completely entered the apartment and began to attack the Plaintiffs without justification, exigent circumstances, probable cause, and/or reasonable cause.

54. The entrance into the Subject Location was in violation of the Fourth Amendment prohibition on law enforcement entering a person's home without a warrant.

55. As a result of the individual defendants' actions, Plaintiffs Alfredo Marrero, Virginia Velasquez, and S.V. suffered, *inter alia*, emotional distress, mental anguish, fear, anxiety, humiliation, and a violation of their constitutionally protected rights.

## SECOND CAUSE OF ACTION
*Excessive Force*

56. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

57. After completely entering the Subject Location, the individual defendants began attacking the Plaintiffs.

58. S.V. and Davon Williams were, *inter alia*, thrown against the wall and choked by the individual defendants.

59. Plaintiffs Alfredo Marrero and Virginia Velasquez were, *inter alia*, punched, kicked, and struck with truncheons across their bodies by the individual defendants.

60. Further, in placing Mr. Marrero under arrest, the individual defendants tightened the cuffs so tightly that Mr. Marrero was caused injury, pain, numbness, and swelling to his wrists and hands.

61. Despite Mr. Marrero telling the individual defendants that the handcuffs were causing him pain and injury, and his pleas to loosen the handcuffs, the individual defendants refused to loosen them.

62. Plaintiffs suffered damage as a result of Defendants' actions. Plaintiffs suffered emotional distress, physical injury, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to reputation. The individual defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Plaintiffs.

63. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages alleged herein.

## THIRD CAUSE OF ACTION
*Assault and Battery*

64. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

65. In attacking Plaintiffs Alfredo Marrero and Virginia Velasquez, the individual defendants assaulted and battered Plaintiffs Alfredo Marrero and Virginia Velasquez.

66. As a result of the foregoing, Plaintiffs suffered emotional distress, physical injury, mental anguish, fear, pain, anxiety, embarrassment, and humiliation.

## FOURTH CAUSE OF ACTION
*Conspiracy under 42 U.S.C. § 1983*

67. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

68. The individual defendants and members of Arverne View's staff, including its Managing Agent and Security Director, jointly participated in the deprivation of Plaintiffs' constitutional rights as set forth herein.

69. The individual defendants conspired in the deprivation of Plaintiffs' constitutional rights by lying that Mr. Marrero was not a tenant of Arverne View as a pretext to harass, arrest, and batter Mr. Marrero, as well as make illegal entry into his apartment at Arverne View.

70. This was done in an attempt to force Mr. Marrero to move from his apartment at Arverne View, as set forth above.

71. However, this conspiracy has affected all of the Plaintiffs as set forth herein.

72. As a result of the individual defendants' malicious efforts to damage Mr. Marrero, Plaintiffs were subjected to the constitutional violations, assaults and batteries, as set forth above.

73. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages alleged herein.

## FIFTH CAUSE OF ACTION
*Failure to Intervene*

74. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

75. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

76. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

77. As a direct and proximate result of this unlawful conduct, Mr. Marrero sustained the damages alleged herein.

SIXTH CAUSE OF ACTION
*Negligent Supervision*

78. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

79. The individual defendants were co-employees and/or working together for Defendant City of New York

80. Upon information and belief, some of the individual defendants were in a position of authority over the other individual defendants.

81. The actions on the part of the individual defendants, individually and combined, caused the constitutional violations, assault, and battery of the Plaintiffs.

82. The individual defendants were negligent in that they failed, among other things, to ensure that their co-employees did not assault, batter, and violate the constitutional rights of the Plaintiffs.

83. Defendants City of New York failed to take any steps to protect Plaintiffs from the individual defendants' actions alleged herein.

84. As a result of the foregoing, Plaintiffs sustained the damages alleged herein.

## SEVENTH CAUSE OF ACTION
*Monell*

85. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

86. This is not an isolated incident. Defendant City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by Plaintiffs.

87. Defendant City of New York, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

88. Defendant City of New York persistently failed to discipline the individual defendants and other members of the 101st Police Precinct.

89. As set forth above, Defendant City of New York and its officers know and have known that Mr. Marrero is a tenant at Arverne View, occupying an apartment subject to rent control, and is a recipient of rental assistance through Section 8 and the New York City Department of Housing Preservation & Development.

90. Despite knowing this, Defendant City of New York has allowed the unconstitutional behavior to go unchecked, with Mr. Marrero being repeatedly harassed, stopped, searched, assaulted, and had other constitutional rights violated by members of the 101st Police Precinct over several years, including, but not limited to, on August 20, 2014, and November 1, 2011.

91. Defendant City of New York, at all relevant times, was aware that the individual defendants routinely committed constitutional violations such as those at issue here and has failed to change its policies, practices, and customs to stop this behavior.

92. Defendant City of New York, at all relevant times, was aware that the individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

93. These policies, practices, and customs were the moving force behind Plaintiffs' injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 10, 2015

/s/
Gregory P. Mouton, Jr., Esq.
Law Office of Gregory P. Mouton, Jr., LLC
*Attorneys for Plaintiffs*
305 Broadway, 14th Floor
New York, NY  10007
Phone & Fax: (646) 706-7481
greg@moutonlawnyc.com