**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
ALFREDO MARRERO, DAVON WILLIAMS, S.V.,
an infant by her m/n/g VIRGINIA VELASQUEZ, and
VIRGINIA VELASQUEZ, individually,

Plaintiffs,

    -against-

CITY OF NEW YORK, POLICE OFFICER BRIAN
GUNN, POLICE OFFICER JAMES MURPHY,
SERGEANT KEITH GALLAGHER, POLICE
OFFICER MATTHEW CARSON, and JOHN/JANE
DOES #1-15,

Defendants.

------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

**15-CV-306 (ST)**

**TISCIONE, United States Magistrate Judge:**

The plaintiffs brought this action asserting federal civil rights claims against police officers and the City of New York. *See generally* Dkt. No. 11 (Second Amended Complaint). As a result of negotiations, the parties reached a settlement in principle in approximately late March 2016 and defense counsel Philip S. Frank sent "settlement paperwork" to plaintiffs' counsel Gregory P. Mouton, Jr. on March 25, 2016. Dkt. No. 49-2 (Email Correspondence). The "settlement paperwork" included a stipulation so that three of the four plaintiffs (the "Adult Plaintiffs") would be dismissed (the "Stipulation of Dismissal"), a stipulation of settlement (the "Stipulation of Settlement"), general releases by all four plaintiffs, an affidavit of status of liens for all four plaintiffs, and a blank W-9 taxpayer identification form. *See* Dkt. No. 49 (Declaration of Philip S. Frank) ("Frank Decl."), ¶ 7; Dkt. No. 49-3 (Settlement Paperwork).

On April 5, 2016, the parties informed the Court that the case had settled. Dkt. No. 27 (Letter). On May 25, 2016, the parties filed the Stipulation of Dismissal (Dkt. No. 29), and on June 1, 2016, the Honorable Roslynn R. Mauskopf so ordered the dismissal but noted the Court's

1

continuing "jurisdiction over this action for the purpose of enforcing the terms[ ]of the settlement agreement." Dkt. No. 30. On June 17, 2016, plaintiffs' counsel filed a motion for approval of infant compromise because the fourth plaintiff ("S.V.") is an infant (Dkt. No. 31). *See Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654-55 (2d Cir. 1999); *see also* Local R. Civ. P. 83.2(a). After the parties consented to my jurisdiction over this case (Dkt. No. 37), I granted the motion for approval of infant compromise on June 29, 2016 (Dkt. No. 38) and dismissed this case on July 7, 2016.

Mr. Mouton provided Mr. Frank with general releases and affidavits of status of liens on behalf of the Adult Plaintiffs on June 20, 2016 and on behalf of S.V. on November 29, 2016. Frank Decl. ¶¶ 14, 16; Dkt. No. 46 (Declaration of Gregory P. Mouton, Jr.) ("Mouton Decl."), ¶¶ 4, 5. But Mr. Mouton did not transmit an executed Stipulation of Settlement to Mr. Frank. On January 18, 2017, Mr. Frank emailed Mr. Mouton to request that Mr. Mouton execute the Stipulation of Settlement so that Mr. Frank could "process the settlement paperwork" and arrange for payment to the plaintiffs. Dkt. No. 49-5 (Email Correspondence). Mr. Frank followed up with phone calls and additional emails through March 3, 2017, requesting that Mr. Mouton return an executed Stipulation of Settlement. Dkt. No. 49-6, at 1-2 (Email Correspondence); Frank Decl. ¶¶ 17-20; *see* Mouton Decl. ¶ 7. On March 6, 2017, Mr. Mouton emailed a motion for judgment pursuant to CPLR 5003-a representing the settlement proceeds, plus interest, costs, and disbursements to Mr. Frank. Dkt. No. 49-6, at 3 (Email Correspondence). On March 16, 2017, the defendants filed a motion to compel the plaintiffs to return an executed Stipulation of Settlement. Dkt. No. 43. On March 17, 2017, the plaintiffs filed their motion for judgment. Dkt.

No. 44 (Motion for Judgment). For the reasons described below, the motion to compel is granted and the motion for judgment is denied.[1]

As is relevant here, New York law provides that when an action to recover damages from a municipal defendant "has been settled," the municipal defendant "shall pay all sums due to any settling plaintiff within ninety days of tender, by the settling plaintiff to it, of [a] duly executed release and a stipulation discontinuing [the] action executed on behalf of the settling plaintiff." CPLR 5003-a(b); *accord Diaz v. City of New York*, 2016 WL 4059351, at *2 (E.D.N.Y. July 29, 2016). If such prompt payment is not received, the unpaid plaintiff shall obtain a judgment "for the amount set forth in the release, together with costs and unlawful disbursements, and interest on the amount set forth in the release from the date that the release and stipulation discontinuing [the] action were tendered." CPLR 5003-a(e).

It is not entirely clear whether CPLR 5003-a(b) applies to federal claims brought against a New York municipality. *See Eliot v. City of New York*, 2013 WL 3479519, at *1-2 (E.D.N.Y. July 10, 2013) (citing cases and noting that "[t]he Second Circuit has not yet ruled on the applicability of [CPLR] 5003-a to settlement of federal claims, such as the Settlement Agreement at issue here."). But the weight of authority indicates that regardless of "whether state law applies due to the contractual nature of a settlement agreement or whether it is adopted by federal common law, it is clear that New York law governs plaintiffs' motion." *Brown v. City of New York*, 2012 WL 628496, at *3 (E.D.N.Y. Jan. 30, 2012) (*quoted in Eliot*, 2013 WL 3479519, at *2), *adopted by*, 2012 WL 626395 (E.D.N.Y. Feb. 27, 2012); *accord Bey v. City of New York*, 2013 WL 439090, at *2 (E.D.N.Y. Feb. 5, 2013); *see also Diaz*, 2016 WL 4059351, at *2 n.1

---

[1]    As of this writing, it is not clear whether the Stipulation of Settlement has been executed or whether any payments have been made to the plaintiffs.

(noting that the City of New York previously acknowledged that CPLR 5003-a applied "to settlement disputes in cases involving federal claims"). Assuming that CPLR 5003-a(b) applies in this situation, I cannot conclude that the plaintiffs are entitled to the interest, costs, and disbursements sought. Whether a matter "has been settled" is a condition precedent to the payment of any sums under the statute (*see* CPLR 5003-a(b)), but on the record before the Court, I cannot conclude that this case was settled without an executed Stipulation of Settlement.

Like any other contract, a settlement agreement is subject to general principles of contract law. *Goldman v. Comm'r of Internal Revenue*, 39 F.3d 402, 405-06 (2d Cir. 1994). "In any given case it is the intent of the parties that will determine the time of contract formation. To discern that intent a court must look to 'the words and deeds [of the parties] which constitute objective signs in a given set of circumstances.'" *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985) (citation omitted). "Under New York law, if parties do not intend to be bound by an agreement until it is in writing and signed, then there is no contract until that event occurs." *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 74 (2d Cir. 1984).

In this case, the parties expressed an intention not to be bound without an executed Stipulation of Settlement. The Stipulation of Dismissal, executed by all parties and entered as an Order of the Court, explicitly provides that "this Court shall continue to maintain jurisdiction over this action for the purpose of enforcing the terms of the settlement agreement reached between the parties and set forth in the Stipulation of Settlement executed by the parties in this matter." Dkt. No. 30 (Stipulation and Order of Dismissal). By its terms, therefore, the Stipulation of Dismissal expressly provides that the Stipulation of Settlement both contains the terms of the settlement and is required to be executed to complete the settlement.

4

Moreover, the Stipulation of Settlement itself explicitly provides that it "contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement . . . shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein." Dkt. No. 49-3 (Stipulation of Settlement), ¶ 7. As a result of this explicit language, if there is no executed Stipulation of Settlement then the Stipulation of Dismissal is effectively meaningless and no settlement has been reached. *See Winston*, 777 F.2d at 80 ("[I]f either party communicates an intent not to be bound until he achieves a fully executed document, no amount of negotiation or oral agreement to specific terms will result in the formation of a binding contract."); *R.G. Grp.*, 751 F.2d at 77 (finding no oral contract where draft agreement "declared on its face that 'when duly executed' it would set forth the parties' rights and obligations, that there were no other agreements between the parties, and that any modification in the agreement would also have to be in writing and signed"); *see also Bey*, 2013 WL 439090, at *2-3 ("[T]he [CPLR] 5003-a time for payment of the settlement monies should be calculated from the date when defendants received from plaintiff fully executed settlement documents[.]").[2] I accordingly find that this case has not "been settled" without an executed Stipulation of Settlement.[3]

---

[2]    For the purpose of determining whether the parties intended to reach an agreement without an executed Stipulation of Settlement, the Court does not consider defense counsel's *post hoc* contention that the defendants "would not have agreed to resolve the matter" if they knew that the plaintiffs would not execute the Stipulation of Settlement. Frank Decl. ¶ 10.

[3]    "[W]here there is a writing between the parties showing that [one party] did not intend to be bound . . . a court need look no further[.]" *Kaczmarcysk v. Dutton*, 414 F. App'x 354, 355 (2d Cir. 2011) (summary order) (quoting *RKG Holdings., Inc. v. Simon*, 18 F.3d 901, 901 (2d Cir. 1999) (unpublished opinion)) (internal quotation marks omitted); *accord Sprint Commc'ns Co. v. Jasco Trading, Inc.*, 5 F. Supp. 3d 323, 328 (E.D.N.Y. 2014). Even considering the additional factors outlined by the Second Circuit in *Winston* (777 F.2d at 80), I conclude that this action has not "been settled" without the Stipulation of Settlement being executed: on one hand, it is

Because I have concluded that this action has not "been settled" in accordance with CPLR 5003-a(b), I also conclude that the plaintiffs are not entitled to a judgment including costs, lawful disbursements, and interest pursuant to CPLR 5003-a(e). Accordingly, the plaintiffs' motion for judgment is denied, and to the extent that the Stipulation of Settlement has not been executed, the defendants' motion to compel the plaintiffs to execute the Stipulation of Settlement is granted.

**SO ORDERED.**

                                                   /s/
                                         Steven L. Tiscione
                                         United States Magistrate Judge
                                         Eastern District of New York

Dated:  Brooklyn, New York
         September 20, 2017

---

indisputable that that the plaintiffs have partially performed in light of Mr. Mouton providing signed releases on behalf of the Adult Plaintiffs to defense counsel, filing a motion for approval of infant compromise on behalf of S.V., and executing and filing the Stipulation of Dismissal contemplated by the parties, and that the terms of the settlement were otherwise finalized and not open to further negotiation. But on the other hand, as the plaintiffs acknowledge, "settlement agreements are the type of agreements usually committed to writing." *Aguiar v. New York*, 356 F. App'x 523, 525 (2d Cir. 2009) (summary order). In these circumstances, where the Stipulation of Settlement was not executed and was not read into the record, and where the Stipulation of Settlement explicitly provides that it contains all of the terms of settlement and no other oral or written agreement may override the Stipulation of Settlement, I find that this matter could not "ha[ve] been settled" without executing the Stipulation of Settlement. *See Sprint Commc'ns*, 5 F. Supp. 3d at 338-40 (finding "instructive" CPLR 2104's requirement that "[a]n agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered" and concluding that a settlement agreement needed to be executed in writing).

6